

BHW/LBG: USAO 2018R00945

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | CRIMINAL NO. TDC 19cr574 |
| | * | |
| **ALFRED JOHN GREENWELL, JR.,** | * | (Wire Fraud, 18 U.S.C. § 1343; |
| | * | Forfeiture, 18 U.S.C. § 981(a)(1)(C), |
| Defendant | * | 21 U.S.C. § 853, 28 U.S.C. § 2461(c)) |
| | * | |

*******



## INDICTMENT

### COUNT ONE
### (Wire Fraud)

The Grand Jury for the District of Maryland charges that:

**Introduction**

At all times relevant to this Indictment:

1.      Business 1, headquartered in Owings, Maryland, was a business that sold, installed, repaired, and replaced electric generators in various states, including Maryland.

2.      A portion of Business 1's work came from "turnkey" projects, in which Business 1 contracted directly with customers to install and replace generators. For these "turnkey" projects, Business 1 acted as a general contractor and hired subcontractors to help install and replace generators.

3.      The defendant, **ALFRED JOHN GREENWELL, JR. ("GREENWELL")**, was employed by Business 1 as the Director of Sales. In this position, **GREENWELL** oversaw the "turnkey" projects and the payments that Business 1 made to subcontractors as part of these projects.

4.     Business 2 was a business purportedly located in Lusby, Maryland, and owned and operated in part by Individual 1.

5.     Business 3, headquartered in Manassas, Virginia, cashed checks in return for a fixed percentage of the portion of the check.

6.     Business 4, headquartered in Missouri, built and sold high performance race car engines.

## The Scheme to Defraud

7.     Between at least in or about November 2016 and in or about October 2018, in the District of Maryland and elsewhere, the defendant,

**ALFRED JOHN GREENWELL, JR.,**

knowingly and willfully devised and intended to devise a scheme and artifice to defraud Business 1, and to obtain money and property from Business 1 by means of materially false and fraudulent pretenses, representations, and promises, with the intent to defraud and knowledge of the scheme's fraudulent nature ("the scheme to defraud").

## Manner and Means of the Scheme to Defraud

It was part of the scheme to defraud that:

8.     **GREENWELL** requested and approved payment from Business 1 to Business 2 for work on "turnkey" projects that had not been done by Business 2.

9.     In support of these payments, **GREENWELL** sometimes created and submitted, and caused to be created and submitted, to Business 1 fraudulent invoices purportedly originating from Business 2.

10.    **GREENWELL** requested that Business 1 give Business 2's checks directly to him rather than be mailed to Business 2's address.

11. After **GREENWELL** received Business 2's checks from Business 1, he drove with Individual 1 to cash the checks at Business 3.

12. Individual 1 cashed Business 2's checks at Business 3 while **GREENWELL** waited outside in a vehicle, and then provided most of the cash to **GREENWELL**.

13. **GREENWELL** deposited certain proceeds of the fraud in his own personal bank accounts or otherwise used the proceeds for his own personal gain.

14. **GREENWELL** created and submitted, and caused to be created and submitted, to Business 1 a fraudulent invoice for $22,172 that **GREENWELL** falsely claimed had been incurred by a fake subcontractor during a "turnkey" project for Business 1. In reality, **GREENWELL** was going to use the money to purchase a race car engine from Business 4, whose name is similar to that of the fake subcontractor.

15. In order to cover up his scheme, **GREENWELL** submitted to Business 1 a fraudulent W-9 form in the name of the fake subcontractor and falsely altered emails purportedly sent from one of Business 1's customers.

## The Charge

16.     On or about September 26, 2018, in the District of Maryland and elsewhere, the defendant,

**ALFRED JOHN GREENWELL, JR.,**

for the purpose of executing and attempting to execute the scheme to defraud, knowingly transmitted and caused to be transmitted in interstate commerce, by means of a wire communication, the following writing, sign, signal, picture, and sound: an email from within Maryland to outside of Maryland concerning the defendant's attempt to buy a race car engine from Business 4.

18 U.S.C. § 1343

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the defendant's conviction on Count One of this Indictment.

### Wire Fraud Forfeiture

2. Upon conviction of the offense set forth in Count One of this Indictment, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendant,

**ALFRED JOHN GREENWELL, JR.,**

shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offenses, including but not limited to at least $423,320 in the form of a money judgment.

### Substitute Assets

3. If, as a result of any act or omission of the defendant, any such property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

Robert K. Hur
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date: December 4, 2019